United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50577
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAN ANDRES LOZANO-RUBIO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-11-2
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

San Andres Lozano-Rubio was convicted on his conditional guilty plea of possession with possession with the intent to distribute marijuana.  He appeals the district court's denial of his motion to suppress and argues that the stop of the truck which he was driving was not supported by reasonable suspicion and, as a result, the marijuana seized and the post-arrest statements he made should be suppressed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lozano-Rubio has waived his argument that the "helicopter search" of his vehicle was impermissible by failing to raise it in the district court. See United States v. Carreon-Palacio, 267 F.3d 381, 389 (5th Cir. 2001); United States v. Harrelson, 705 F.2d 733, 738 (5th Cir. 1983).

The following facts, among others, were considered in determining that there was reasonable suspicion to support the stop of the truck which Lozano-Rubio was driving: (1) at the time the truck was initially spotted, the truck was very close to the border and was traveling with a white Oldsmobile, which was the subject of a "be-on-the-lookout" report and owned by a known drug trafficker; (2) the truck matched the description of a truck owned by a known drug trafficker; (3) both the Oldsmobile and the truck had two-way radio antennas attached to their roofs; (4) the truck was stopped in an area known for illegal trafficking; (5) the area in which the truck was traveling is known to be used to circumvent a checkpoint; (6) the agents were experienced in cases involving illegal aliens and controlled substances; (7) Lozano-Rubio decelerated and accelerated for no apparent reason and immediately braked and veered onto the shoulder of the road when he saw a marked patrol car; (8) when a helicopter was approximately 50 feet away from the truck, Lozano-Rubio did not acknowledge the helicopter but merely maintained his speed; and (9) when the truck hit bumps and turned a corner sharply, diesel fuel was emitted from the fuel tank.

As a result of the foregoing, we conclude that there was reasonable suspicion to support the stop of the truck. Accordingly, the district court did not err in denying the motion to suppress the seizure of the marijuana and the post-arrest statements made by Lozano-Rubio.  See United States v. Inocencio, 40 F.3d 716, 722-24 (5th Cir. 1994).

Thus, the judgment of the district court is AFFIRMED.